tion. In the analogous cases in England, under the statute 8 & 9 Wm. III., it is very clear, that the administrator would not be let in so to plead on the first scire facias, although the judgment would be against the administrator de bonis testatoris. But then the plaintiff could not obtain execution on such judgment until a second scire facias, to which the administrator might plead in the same manner, as if the judgment had been in the lifetime of his testator. Upon principle, I can perceive no difference between these cases and the present. The administrator must have a right, at some time, to plead in his own defence no assets, or insolvency. I do not perceive how, upon any acknowledged principles of pleading, this could have been done by him in that stage of the proceedings in which he became on the original scire facias a party to this record, and if not then, no execution ought to have issued, until after judgment on a scire facias founded on the original judgment against him in his capacity of administrator. According to the English practice, the present scire facias, being founded on a return to an irregular execution, ought to be quashed, the original execution set aside, and the plaintiff put to his scire facias against the administrator as such. If, however, the execution were to be considered regular according to any practice established in our state courts, and I know of no such practice, still in the present scire facias the administrator ought to be let in to all the defences, which he would have on an original scire facias against him on a judgment against his testator. As, however, the case now stands upon the pleadings before us, no special order can be made, and we can only declare the defendant's plea in bar bad; and unless other motions intervene, the judgment must be for the plaintiff.

Afterwards on motion the defendant had leave to withdraw his plea, and the cause was continued for further answer.

## Case No. 6,207a.

### HATCH v. METROPOLE INS. CO.

[13 Reporter, 293.] [1]

Circuit Court, D. Colorado. Jan., 1882.

FIRE INSURANCE—ACTION—CREDITOR.

A policy of fire insurance was payable to the creditor of the insured "as his interest may appear." *Held*, that the creditor had no right of action on the policy.

Action on a fire policy of insurance, payable to plaintiff "as his interest may appear." The plaintiff was a creditor of Mrs. Oray, the insured, the indebtedness being secured by trust deed upon the premises covered by the insurance. It does not appear in the pleadings what was the amount of the insurance

or the amount due plaintiff. On demurrer to complaint.

H. Butler, for plaintiff.
Charles & Dillon, for defendant.

HALLETT, District Judge. If it appeared in the complaint that insurance was taken out by Mrs. Oray, and that the stipulation of the policy was, that the loss, if any should occur, should be paid to the plaintiff, all of it,—the entire sum,—a question would be presented as to the right of the plaintiff to recover on such an instrument, which is not very well settled in the authorities. Perhaps the weight of authority is that in such case the plaintiff would be entitled to maintain the action. That is to say, if two persons contract for the benefit of a third, the third party, although a stranger to the consideration, may maintain a suit upon that contract. But that is not the case as presented here. It is entirely consistent with the allegations of this complaint that the sum due the plaintiff was much less than the amount for which the policy of insurance was issued. And at all events, whatever the fact may be as to that, the policy of insurance provided for payment to the plaintiff as his interest might appear. At the time of insurance he was a creditor of the party taking out the policy, and his indebtedness might be entirely extinguished or greatly reduced before the policy should mature. That was, perhaps, the reason for putting in the policy this clause in this phraseology, "payment should be made to him as his interest might appear." That is, more or less; the sum due him, whatever it might be; and upon that no right of action can arise to the plaintiff, because it is not a stipulation to pay the plaintiff the loss, all of it, whatever it may be, upon maturity of the policy; and that must be the agreement to enable the plaintiff, under a stipulation of this kind, to recover in the action. That is very well expressed in an opinion in Hartford Fire Ins. Co. v. Davenport, 37 Mich. 613. Mrs. Oray is the owner of this policy and entitled to sue upon it. Mr. Hatch has no right of action whatever. Demurrer sustained.

HATCH (NICHOLSON PAVEMENT CO. v.). See Case No. 10,251.

HATCH (PHILIPS v.). See Case No. 11,-094.

## Case No. 6,208.

### HATCH v. PRESTON.

[1 Biss. 19.] [1]

Circuit Court, D. Illinois. April Term, 1853.

FEDERAL COURTS — JURISDICTION — EFFECT OF PRIOR DECREE OF STATE COURTS UPON THE SAME MATTER.

1. The fact that a suit is connected with and grows out of matters litigated in a state court,